WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda R. Madison, | No. CV-15-02152-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Sonora Quest Laboratories, et al., | |
| Defendants. | |

Pending before the Court is Defendant Sonora Quest Laboratories, et al.'s ("Sonora Quest") Amended Motion to Dismiss. (Doc. 14.) For the following reasons, the Court grants the motion in part and denies it in part.

## BACKGROUND

In 2013, Plaintiff Brenda Madison filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging employment discrimination and retaliation against her former employer Sonora Quest. The EEOC issued her a Notice of Right to Sue on June 18, 2015.

On September 21, 2015, Plaintiff filed a Complaint in Yuma County Superior Court, which she later amended on November 18, 2015. In 2011, while employed at Sonora Quest, Plaintiff filed an internal complaint against her supervisor on the grounds of racial discrimination. Plaintiff alleged her supervisor intimidated her, stalked her, and wrote her up without cause. Plaintiff also claimed that in 2013, her supervisor denied her paid time off and that she was assigned a heavier workload than her co-workers. A

month later, Plaintiff complained about her supervisor to Sonora Quest's human resources department; the supervisor's conduct soon stopped. But on October 13, 2013, Plaintiff was notified of her termination because Sonora Quest had lost a contract. Plaintiff claims that she was "discriminated against, retaliated against, harassed, disciplined with cause, denied leave, subjected to different terms and conditions of employment, slander/defamation, and eventually laid off, which [she] believe[s] to be racial." (Doc. 12 ¶ IV.)

Plaintiff's complaint also alleges she had difficulty obtaining subsequent employment because of defamatory statements made about her by Defendants.

## DISCUSSION

**I.    Analysis**

**A.    Title VII Claims**

Under the statutory provisions of Title VII, a claimant has ninety days after receiving a notice of dismissal or, "right-to-sue letter," from the EEOC in which to file a lawsuit. 42 U.S.C. § 2000e-5(f). The ninety-day period acts as a limitation period and therefore, if a claimant fails to file suit within this period, the action is time-barred. *E.g.*, *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1127 (9th Cir. 2007). Plaintiff's *pro se* status does not extend this time limit. *Id.* Courts measure the start of the limitations period from the date on which a right-to-sue letter arrives at the claimant's address of record. *Id.* Where this date is known, the court will deem the claimant to have received notice on that date, regardless of whether claimant personally saw the right-to-sue letter. *Id.* In the event the date of actual receipt is unknown, a court will apply a three-day mailing presumption to determine notice of a right-to-sue letter. *Id.*

Plaintiff received her "right-to-sue" letter on June 18, 2015, from which Plaintiff had 90 days to file suit. However, Plaintiff did not file her original Complaint until September 21, 2015 (96 days) after receiving her right-to-sue letter. Therefore, even with a three-day mailing presumption to determine notice of a right-to-sue letter, Plaintiff failed to file her race discrimination and retaliation claims within the required 90-day

1 period. Plaintiff's Title VII race discrimination and retaliation claims are time barred and
2 are dismissed.

### B. Defamatory Claims

As a *pro se* litigant, Plaintiff's Complaint must be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a *pro se* plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'") (citations omitted); *Eldridge v. Block, 832 F.2d 1132, 1137* (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of *pro se* litigants.") (citation omitted); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[W]e hold [plaintiff's] *pro se* pleadings to a less stringent standard than formal pleadings prepared by lawyers."); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt.").

Plaintiff alleges that Sonora Quest made defamatory comments about her that negatively affected her ability to find subsequent employment; although, her Complaint does not specifically identify any particular statement. Plaintiff's Complaint does allege that "[o]n 09/24/2013 Elizabeth Correa told me that Beatriz Garcia had told her that I was prejudice[d] against Hispanics and that Elizabeth should not speak to me." (Doc. 12 at ¶ V.) The allegation, however, does not assert that this single instance was the same and only communication made to her prospective employers; rather, the allegation appears only to be illustrative of what she claims were the defamatory statements made about her that cost her immediate re-employment opportunities.

Defendants argue that because she knew about the defamatory statement as of September 24, 2013, her defamation claims are barred by the one-year statute of limitation that applies in Arizona. Ariz. Rev. Stat. § 12-541(1); *Boatman v. Samaritan Health Servs., Inc.*, 168 Ariz. 207, 212, 812 P.2d 1025, 1030 (Ariz. Ct. App. 1990). This argument has merit only as it applies to the specific defamatory statement that Plaintiff

became aware of on September 24, 2013. The timing of that statement is not attributed to all other potential defamatory statements allegedly made to Plaintiff's prospective employers. *Lim v. Superior Court*, 126 Ariz. 481, 482, 616 P.2d 941, 942 (Ariz. Ct. App. 1980) ("An action for defamation accrues and the Statute of Limitations begins to run upon publication."). Thus, any alleged defamatory statements made by Defendants after September 24, 2013 to any of Plaintiff's prospective employers would begin to accrue individually beginning on their own publication.

Moreover, in some instances, courts have found that a cause of action for defamation accrues upon discovery rather than publication. *Clark v. Airesearch Mfg. Co.*, 138 Ariz. 240, 242, 673 P.2d 984, 986 (Ariz. Ct. App. 1983) (finding defamation actions accrues upon discovery in situations in which the defamation is published in a manner that is likely to be concealed from the plaintiff). It is not clear then, from the pleadings, that Plaintiff's defamation claim should be dismissed.

Moreover, due to the dismissal of Plaintiff's Title VII claims, this Court no longer has jurisdiction to decide the defamation claim. 28 U.S.C. § 1367 (2016). District courts presumptively remand state law claims to state court when relinquishing jurisdiction over a case involving pendent claims. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). Accordingly, Plaintiff's defamation claim is remanded to state court.

## CONCLUSION

For the foregoing reasons, Defendant's Amended Motion to Dismiss is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that:

1. Defendant's Amended Motion to Dismiss (Doc. 14) Plaintiff's Title VII race discrimination and retaliation claims is **GRANTED**.

2. Defendant's Motion to Dismiss (Doc. 14) Plaintiff's defamation claim is **DENIED**.

/ / /

/ / /

- 4 -

3. The Clerk of Court is directed to remand Plaintiff's state law defamation claim back to the Yuma County Superior Court for further proceedings.

Dated this 14th day of June, 2016.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge